# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

BARBARA MAMAH and ABDUL MAMAH    )
                                     )
             Plaintiffs,                 )
                                       )
v.                                          )            CIV-06-338-JHP
                                       )
AMERICAN LOSS MITIGATION           )
CONSORTIUM OF ATLANTA             )
a/k/a ALMCATL,                     )
                                       )
                                       )
             Defendant.               )

## ORDER and OPINION

Before the Court is Plaintiffs' Motion for Remand and Brief in Support and Defendant's Objection and Response thereto. Plaintiffs contend that Defendant has failed to establish that the amount in controversy in this action exceeds $75,000 and that Defendant's removal was untimely. Plaintiff requests that the Court remand the case to the District Court for Wagoner County pursuant to 28 U.S.C. § 1447(c). For the reasons stated below, Plaintiffs' Motion is GRANTED.

## Background

On March 13, 2006, Plaintiffs filed a petition in the District Court of Wagoner County, Oklahoma, alleging that Defendant had breached a contract with Plaintiffs in which Defendant agreed to assist Plaintiffs in avoiding foreclosure proceedings against Plaintiffs' residence. In addition, Plaintiffs alleged that Defendant's actions in breaching the contract involved "wilful, wanton, reckless, and fraudulent" conduct. Def's Notice of Removal Ex. 1 at 5. In their prayer for relief, Plaintiffs sought both actual and punitive damages. In accordance with Oklahoma

state pleading practice,[1] however, Plaintiffs did not request a particular dollar amount, instead

requesting relief "in excess of $10,000" in actual damages and a like amount in punitive

damages. Def's Notice Ex. 1 at 5. Plaintiffs subsequently amended their complaint, adding a

claim that Defendant fraudulently induced them into signing the contract and reasserting their

claims for actual and punitive damages. Def's Notice Ex. 1 at 30-31.

In an effort to determine the amount in controversy, Defendant served Plaintiffs with

interrogatories and requests for admission on August 8, 2006, asking that Plaintiffs "[s]tate the

precise nature and amount of the damages [they] claim to have suffered" as a result of the

alleged fraud and breach of contract and that Plaintiffs "admit that [they were] seeking damages

in excess of $75,000." Def's Notice at 2. As to the former, Plaintiffs argued that the questions

were "vague and confusing," and merely referred Defendant to Plaintiffs' Petition and Amended

Petition. Def's Notice at 2. Concerning the request for admission, Plaintiff objected, claiming

that the information was not discoverable. *Id.*

Apparently convinced by Plaintiffs' evasive responses that the amount in controversy did

in fact exceed $75,000, Defendant removed the case to federal court on August 23, 2006,

asserting that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs, in turn, filed its

Motion to Remand, challenging Defendant's assertion that the amount in controversy exceeded

the jurisdictional limit in § 1332 and asserting that Plaintiff's notice of removal was untimely.

### Discussion

"Except as otherwise expressly provided...any civil action brought in a State court of

---

[1] Oklahoma law provides in relevant part that "[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000.00) shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of Ten Thousand Dollars ($10,000.00)." Okla. Stat. tit. 12, § 2008(A)(2).

which the district courts of the United States have original jurisdiction, may be removed by the

defendant." 28 U.S.C. § 1441(a). As a general matter, federal courts have subject matter

jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United

States," 28 U.S.C. § 1331, or "where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interests and costs" and involves a dispute between "citizens of different

States." As this case involves state law contract and fraud claims, federal question jurisdiction

does not apply. Moreover, Plaintiffs do not challenge, and the record clearly indicates, that

Plaintiffs are citizens of Oklahoma and Defendant is a sole proprietor operating out of Georgia;

thus, the requirement of complete diversity is satisfied. Thus, the only remaining issue under §

1332(a) is whether the amount in controversy requirement has been satisfied.

In *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995), the Tenth Circuit addressed

the means by which the amount in controversy may be established in cases of removal:

> The amount in controversy is ordinarily determined by the allegations of the complaint,
>
> or, where they are not dispositive, by the allegations in the notice of removal. The
>
> burden is on the party requesting removal to set forth, in the notice of removal itself, the
>
> "*underlying facts* supporting [the] assertion that the amount in controversy exceeds
>
> [$75,000]." Moreover, there is a presumption against removal jurisdiction.

*Id*. at 873 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992) (internal citations

omitted). Although the Tenth Circuit has not settled on the exact burden that the party seeking to

remove must meet, *at a minimum*, the removing party must establish the requisite amount in

controversy by a preponderance of the evidence. *Martin v. Franklin Capital Corp.*, 251 F.3d

1284, 1290 (10th Cir. 2001). In those cases where the parties differ as to the amount in

controversy, "uncertainties are resolved in favor of remand." *Id*.

Because Plaintiffs' petitions in this case do not clearly establish the requisite amount in controversy, the Court must examine the allegations in Defendant's Notice of Removal. In its Notice, Defendant relies on several facts as support for its conclusion that the amount in controversy in this case exceeds $75,000. Defendant first points out that Plaintiff's state court petition asserts a claim for punitive damages, which could potentially far exceed the statutory requirement of $75,000. Additionally, Defendant cites Plaintiffs' refusal to address Defendants' interrogatories and requests for admission as further evidence that the amount in controversy exceeds $75,000. *See Blackburn v. Warren Power and Machinercy, L.P.*, No. 06-CV-0419-CVE-FHM, 2006 WL 2708618, at *2 (N.D. Okla. Sept. 20, 2006) (finding that "plaintiff's equivocal response [to requests for admission] creates an inference that the jurisdictional amount in controversy is present); *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1306 (D. N.M. 2001) (considering as evidence of amount in controversy "plaintiff's refusal to stipulate or admit that he or she is not seeking damages in excess of the requisite amount"). *Wilbanks v. North American Coal Corp.*, 334 F. Supp. 2d 921, 925-26 (S.D. Miss.2004).

In effect, Defendants' Notice asserts that "the punitive damages claim taken together with Plaintiffs' refusal to respond to discovery requests regarding damages is sufficient evidence to conclude that the amount in controversy exceeds $75,000." Def's Notice at 2-3. The Court, however, disagrees. Although the Court recognizes that a claim for punitive damages could potentially give rise to substantial damages, the mere observation that Plaintiffs are asserting such a claim, without more, is not itself the type of "underlying fact" to which the Tenth Circuit was referring in *Laughlin* as supporting an assertion that the amount in controversy requirement has been met. *See Lightle v. Hartford Ins. Co. of Midwest*, No. 06-CV-0140-CVE-FHM, 2006

WL 1047061, at *2 (N.D. Okla. Apr. 19, 2006) ("[C]onclusory statements regarding punitive damages are insufficient to meet the burden of showing underlying facts supporting the requisite jurisdictional amount."); *Flowers v. EZPawn Oklahoma, Inc.*, 307 F. Supp. 2d 1191, 1200 (N.D. Okla. 2004) ("Defendants' statement that '[p]unitive damage awards in Oklahoma can be extremely large, even in individual cases where compensatory damages are relatively small'...do not meet defendants' burden to show underlying facts supporting the jurisdictional amount for Flowers or other members of the class."). Likewise, although Plaintiffs' refusal to admit or deny that its claim exceeds the amount in controversy requirement may provide some evidence of the value of Plaintiffs' claim, without additional underlying facts, it cannot support a finding by a preponderance of the evidence that the jurisdictional limit has been exceeded. *See Blackburn v. Warren Power & Machinery, L.P.*, No. 06-CV-0419-CVE-FHM, 2006 WL 2708618, at *3 (N.D. Okla. Sept. 20, 2006); *Barber v. Albertsons, Inc.*, 935 F. Supp. 1188, 1192 (N.D. Okla.1996); *Johnson v. Wal-Mart Stores, Inc.*, 953 F. Supp. 351, 353 (N.D. Okla.1995).

Here, the only evidence of any certainty as to the amount in controversy is the value of the underlying contract between Plaintiffs and Defendant, and even Defendant concedes that this is less than $2000. Def's Notice at 2. Given the clear presumption in the Tenth Circuit against removal and the suggestion that uncertainties be resolved in favor of remanding a case to state court, the Court finds Defendant has failed to meet his burden to affirmatively establish the requisite amount in controversy for removal. Because the Court finds that Defendant failed to meet its burden of proving by a preponderance of the evidence that the amount in controversy in this case exceeds the jurisdictional limit of $75,000, the Court finds it unnecessary to address Plaintiffs' alternative contention that Defendant's removal of the case to federal court was untimely.

## Conclusion

For the foregoing reasons, Plaintiffs' Motion for Remand is GRANTED. The Court hereby orders the Court Clerk to remand this case to the District Court in and for Wagoner County.

IT IS SO ORDERED this 12th day of October 2006.

James H. Payne
United States District Judge
Eastern District of Oklahoma